FILED'06 FEB 02 13:58USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JACOB H. BARRETT,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN BELLEQUE, et al.,<br><br>    Defendants. | Civil No. 05-1774-CO<br><br>FINDINGS AND<br>RECOMMENDATION |

COONEY, Magistrate Judge.

Plaintiff's application to proceed in forma pauperis (#1) is allowed.

Plaintiff, an inmate at the Oregon State Penitentiary, filed this action alleging that his First and Fourteenth Amendment rights were violated when "defendants issued a misconduct report for an outgoing letter to his grandmother referring to a mail-room censor as a whore, nigger loving whore, moron and stupid." Complaint (#2), p. 3.

1 - FINDINGS AND RECOMMENDATION

For the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that it is frivolous. See 28 U.S.C. § 1915(d).

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. Lopez, 939 F.2d at 883.

I find that regardless of how liberally plaintiff's complaint is construed, it fails to state a claim.

Prison inmates retain those first amendment rights that are not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections system. Pell v. Procunier, 417 U.S. 817, 822 (19724). A regulation that impinges on First Amendment rights, however, "is valid if it is reasonably related to legitimate penological interests. Turner v. Safely, 482 U.S. 78, 89 (1987); see also, Harper v. Wallingford,

877 F.2d 728, 731 (9th Cir. 1989); McCabe v. Arave, 827 F.2d 634, 637 (9th Cir. 1987). Legitimate penological interests include "the preservation of internal order and discipline." Procunier v. Martinez, 416 U.S. 396, 412 (1974).

Prisoner's have a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 ((th Cir. 1995)(per curiam). Prison regulations concerning out-going prisoner mail must further "important or substantial governmental interest[s] unrelated to expression." Procunier v. Martinez, supra at p. 413.

Plaintiff acknowledges that his letter referred to the mail-room censor as a "whore" and that he used the terms "nigger loving whore, moron and stupid." Plaintiff argues that since the comments were to his Grandmother and not directed at the mail-room censor, they did not constitute "disrespect" or a "challenge to mail-room staff authority."

I disagree. The vulgar, racist language contained in plaintiff's letter was a clear violation of the institution rule against disrespect regardless of whether or not it was specifically directed at the individual. Plaintiff concedes that he is aware that his outgoing mail is read. Under these circumstances, plaintiff's argument is frivolous.

Moreover, plaintiff alleges that he previously informed defendant Nofziger that his "authority didn't mean any thing to [plaintiff]." Complaint (#2) p. 7. Under these circumstances,

3 - FINDINGS AND RECOMMENDATION

plaintiff's statement to his Grandmother that he "hoped the WHORE rejects some more incoming mail" can only be construed as a challenge to the mail-room staff authority.

I find that the OSP rules against disrespect are reasonable and constitutional and serve the legitimate penological interest of preserving the internal order and discipline of the institution and are "unrelated to expression." Plaintiff's admitted conduct can only be construed as disrespectful and a challenge to prison staff authority. Plaintiff's claim that the rule is unconstitutional and that the misconduct report violated his constitutional rights is merit-less and fails as a matter of law.

Plaintiff alleges that the disciplinary action violated his Fourteenth Amendment rights, but has not alleged any facts that would suggest a due process violation. He simply disagrees that his admitted conduct constituted a violation of the rule against disrespect.

Plaintiff may be attempting to state a claim for retaliation. However, in order to state a claim that an inmate has been subjected to disciplinary action in retaliation for the exercise of constitutional rights, the plaintiff must allege that the disciplinary action was based on a **false** disciplinary report. See, Orebaugh v. Caspari, 910 F.2d 526 (8th Cir. 1990). In this case, plaintiff acknowledges the conduct that resulted in the "misconduct report," and therefore fails to state a claim for

4 - FINDINGS AND RECOMMENDATION

unlawful retaliation.

## CONCLUSION

Based on the foregoing, plaintiff's complaint should be dismissed as frivolous and for failure to state a claim. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 2 day of February, 2006.

John P. Cooney
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION